# Agreement

Between

## PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 51

of the

## INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, CLC

and the

## PAINTING, DECORATING, & DRYWALL FINISHING, CONTRACTORS

of Washington, D.C., Maryland, Virginia, and Vicinities
2006-2010

# TABLE OF CONTENTS

|  |  | page |
|---|---|---|
| | AGREEMENT | 3 |
| ARTICLE I | RECOGNITION | 3 |
| ARTICLE II | JURISDICTION | 4 |
| ARTICLE III | CLASSIFICATIONS & DEFINITIONS | 8 |
| ARTICLE IV | UNION SECURITY | 10 |
| ARTICLE V | FUNCTIONS OF MANAGEMENT | 10 |
| ARTICLE VI | OUT OF GEOGRAPHIC JURISDICTION WORK | 11 |
| ARTICLE VII | COMPLIANCE WITH LAWS AND REGULATIONS | 12 |
| ARTICLE VIII | PAST PRACTICE CLAUSE | 12 |
| ARTICLE IX | NON-DISCRIMINATION CLAUSE | 13 |
| ARTICLE X | SUPREMACY CLAUSE | 13 |
| ARTICLE XI | SUBCONTRACTING CLAUSE | 13 |
| ARTICLE XII | PRESERVATION OF WORK | 14 |
| ARTICLE XIII | SUCCESSOR CLAUSE | 15 |
| ARTICLE XIV | GENERAL SAVINGS CLAUSE | 15 |
| ARTICLE XV | GENERAL CLAUSES | 16 |
| ARTICLE XVI | HIRING PROCEDURE | 17 |
| ARTICLE XVII | SAFETY AND CODE COMPLIANCE | 19 |
| ARTICLE XVIII | HEALTH & SAFETY AND SKILL ENHANCEMENT TRAINING | 20 |
| ARTICLE XIX | ORGANIZING OBLIGATION | 20 |
| ARTICLE XX | STEWARDS | 21 |
| ARTICLE XXI | TRUST FUNDS, CONTRIBUTIONS, COLLECTIONS AND SECURITIES | 22 |
| ARTICLE XXII | JOINT TRADE BOARD | 32 |
| ARTICLE XXIII | GRIEVANCES AND ARBITRATION | 33 |
| ARTICLE XXIV | MARKET RECOVERY, ORGANIZING AND MAINTENANCE OF WORK | 35 |
| ARTICLE XXV | CHECK OFF OF ADMINISTRATIVE DUES | 37 |
| ARTICLE XXVI | DURATION CLAUSE | 38 |

## PAINTERS & DRYWALL FINISHERS TRADE SPECIFICS AND WORKING CONDITIONS

| ARTICLE XXVII | GEOGRAPHIC JURISDICTION | 40 |
|---|---|---|
| ARTICLE XXVIII | HOURS OF WORK, HOLIDAYS AND OVERTIME | 41 |
| ARTICLE XXIX | WAGES AND FRINGE BENEFIT CONTRIBUTIONS | 42 |
| ARTICLE XXX | WORKING CONDITIONS | 50 |

# ARTICLE XXI
## TRUST FUNDS, CONTRIBUTIONS, COLLECTIONS AND SECURITIES

SECTION 1.

## A. FRINGE BENEFIT CONTRIBUTIONS

No later than the twenty-fifth (25) day of each and every month the Employer shall mail to the Trustees of their designated depository, a check or checks being made payable as designated to cover payment for the previous month to the Health and Welfare Fund, Pension Fund, Apprenticeship and Training Fund, Political Action Fund, Administrative Dues Check-Off, Organizing Fund, and any other fund that is established within this Agreement. In addition, the Employer will properly complete and mail such forms and records as designated by the Trustees of said Fund. Each or any of the Funds referenced in this Agreement may engage a certified public accounting firm to periodically audit the books, payroll and wage records of any contributing Employer(s) for the purpose, of verifying contributions and deductions due and owing to the respective Fund(s) and/or liabilities for contributions due and owing to such Fund.

In the event such audit discloses for any period a deficiency in the payments reported and paid/not paid and the outstanding deficiency owed is greater than 10% of the amount originally reported for such period under this Agreement, the cost of the audit will be borne by the Employer.

In addition to all other remedies available to the parties and/or the various Fringe Benefit Funds with respect to "delinquent" Employers, the Union may treat any failure by an Employer to satisfy a delinquency as a breach of this Agreement. In such event, the Union may, in addition to any other remedy that may be available to it, and without being limited by any "no strike" obligation that may appear in this Agreement or be implicit in its terms, remove its members from any job(s) of such delinquent Employer. A removal of manpower by the Union, pursuant to this provision, shall not be construed as a "termination" of this Agreement with respect to any affected Employer.

## B. BONDS/SECURITY FOR FUND PAYMENTS

The sum of one thousand five hundred dollars ($1,500) or a surety bond may be required of not less than five thousand dollars ($5,000) and no more than fifty thousand dollars

($50,000), at the discretion of District Council 51, in guaranteeing payment of any wages, fringe benefits and deductions by any signatory Employer.

In lieu of a "bond", a "Letter of Credit" or "Certified Check" to be held in escrow (no interest to be paid) is acceptable. The amount of which may be adjusted for new Employers at the discretion of the District Council. The District Council and/or Trustee's may require accelerated payments if any Employer(s) payments are irregular.

## SECTION 2. INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES UNION AND INDUSTRY PENSION FUND AND INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES UNION AND INDUSTRY ANNUITY PLAN

The only agreement between the Employer(s) and the Union parties to this Agreement regarding pensions or retirement for employees covered by this Agreement is as follows:

1. a.   Commencing with the 1st day of June 2006, and for the duration of the Agreement, and any renewals or extension thereof, the Employer agrees to make payments to the International Union of Painters and Allied Trades Union and Industry Pension Fund for each employee covered by this Agreement, as follows:

   b.   For each hour or portion thereof for which an employee receives pay, the Employer shall make a contribution in accordance with the schedule in Article XXIX Section 1 to the above named Pension Fund and/or to the International Union of Painters and/or Allied Trades Union and Industry Annuity Plan.

   c.   For the purpose of this Article, each hour paid for, including hours attributable to show up time, and other hours for which pay is received by the employee in accordance with the Agreement, shall be counted as hours for which contributions are payable.

   d.   Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by this Agreement. This includes, but is not limited to, apprentices, helpers, trainees, and probationary employees.

   e.   The payments to the Pension Fund required above shall be made to the International Union of Painters and Allied Trades Union and Industry Pension Fund, which was established under an Agreement and Declaration of Trust, dated April 1, 1967. The Employer hereby agrees to be bound by and to the said Agreement and Declaration of Trust, as amended from time to time, as though he had actually signed the same.

2. The Employer hereby irrevocably designates as its representatives on the Board of Trustees

such Trustees as are now serving, or who will in the future serve, as Employer Trustees, together with their successors. The Employer further agrees to be bound by all actions taken by the Trustees pursuant to the said Agreement and Declaration of Trust, as amended from time to time.

3. All contributions shall be made at such time and in such manner as the Trustees require; and the Trustees may at any time conduct an audit in accordance with Article VI, Section 6 of the said Agreement and Declaration of Trust.

4. If an Employer fails to make contributions to the Pension Fund within twenty (20) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all costs of collection of the payments due together with attorney fees and such penalties as may be assessed by the Trustees. The Employer's liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause that may be provided or set forth elsewhere in this Agreement.

5. The Pension Plan and Annuity Plan adopted by the Trustees shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions to the International Union of Painters and Allied Trades Union and Industry Pension Fund as a deduction for income tax purposes.

## SECTION 3. THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE

1. a. Commencing with the 1ST day of June 2006, and for the duration of the Agreement, and any renewals or extension thereof, the Employer agrees to make payments to The Painters and Allied Trades Labor Management Cooperation Initiative (LMCI) for each employee covered by this Agreement, as follows:

    b. For each hour or portion thereof, for which an employee receives pay, the Employer shall make a contribution of five (.05) cents to the Fund.

    c. For the purpose of this Article, each hour paid for, including hours attributable to show up time, and other hours for which pay is received by the employee in accordance with the Agreement, shall be counted as hours for which contributions are payable.

    d. Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by this Agreement. This includes, but is not limited to, apprentices, helpers, trainees, and probationary employees.

e.  The Employer and Union signatory to this Agreement agree to be bound by and to the Agreement and Declaration of Trust, as amended from time to time, establishing the Fund.

2. The Employer hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve, as Employer Trustees, together with their successors.

3. All contributions shall be made at such time and in such manner as the Trustees require; and the Trustees may at any time conduct an audit in accordance with the Agreement and Declaration of Trust.

4. If an Employer fails to make contributions to the Fund within twenty (20) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all costs of collection of the payments due together with attorney fees and such penalties as may be assessed by the Trustees. The Employer's liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement.

## SECTION 4. HEALTH AND WELFARE FUND

1. The parties to this Agreement agree to maintain a Trust Fund known as the IUPAT District Council No. 51 Health and Welfare Fund. The purpose of this Fund is to provide life insurance, sick benefits, hospitalization, medical fees, accident, surgical and dismemberment benefits for, but not limited to, eligible journeypersons, apprentices, and their families, in such form and amount as the Trustees of the Fund may determine.

2. The Fund shall be administered pursuant to an Agreement and Declaration of Trust administered jointly by an equal number of representatives of the Employers and the Union, which Agreement and Declaration of Trust together with any amendments thereto which may be adopted shall be considered as part of this Agreement as though set forth here in full. The parties to this Agreement agree to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

3. The Employer agrees to contribute an amount for each hour worked, including overtime hours, by each journeyperson and apprentice, in their employ to the Trust Fund at such time and

in such manner as the Trustees require. The Trustees shall have the authority to have a representative selected by them audit the payroll and wage records of the Employer for the purpose of determining the accuracy of contributions to the Trust Fund. The contribution required herein shall be sent to the administrator of the Trust Fund in accordance with the schedule detailed in Article XXIX Section 1.

4. Each Employer may be required to have on deposit with the Trustees of the Trust Fund the sum of one thousand five hundred dollars ($1,500) or a Surety Bond in the amount of five thousand dollar ($5,000), as a minimum and not to exceed an amount of fifty thousand dollars ($50,000) on the date of signing this Agreement. In lieu of a "bond", a "Letter of Credit" or "Certified Check" to be held in escrow (no interest to be paid) will be acceptable. Once any of the acceptable forms of deposit have been made, the Employer will not be required to make such a deposit again, unless a violation for non-payment has been committed whereby the Trustees are required to file a claim against the original Bond, Certified Check or Letter of Credit, for which the Trustees may then order the Employer to post a new or higher deposit amount, or as the Trustees otherwise deem appropriate under the circumstances.

5. All Employers from jurisdictions other than the jurisdiction of District Council No. 51 may be required to deposit with the Trustees at the time they become parties to this Agreement the sum of one thousand five hundred dollars ($1,500) or a Surety Bond, Certified Check, or Letter of Credit in the amount of five thousand dollar ($5,000), as a minimum, and not to exceed an amount of fifty thousand dollars ($50,000) with the Trust Funds. Such Employers from other jurisdictions shall contribute to the Trust Fund currently an amount for each hour worked, including overtime hours each journeyperson and apprentice, including temporary employees in their employ; in accordance with the schedule detailed in Article XXIX Section 1; provided, however, that upon the completion of jobs to be performed within the jurisdiction of District Council No. 51, such deposit may be credited against the per hour contributions owed for the final period and the excess deposit, if any, as of the time of final payroll period shall be returned to the aforesaid Employer.

6. An Employer who fails to make contributions to this Trust Fund on the due date (25th of each month) and in the manner determined by the Trustees shall be considered to have violated this Agreement and may be rendered ineligible to hire members of the Union, as determined by the Union, provided that such ineligibility shall not serve to terminate this Agreement and shall not

relieve the Employer from its continuing obligation to comply with the terms of this Agreement. The Union and/or the Trustees shall have the right to take whatever steps are necessary to secure compliance with this Agreement, including the removal of manpower. The Employer shall be liable for all statutory remedies available under ERISA statute 29 U.S.C. 1132(g)(2), including interest, liquidated damages equal to 20% of the delinquent principal, audit costs, and all costs of collection of the payments due plus attorneys' fees and costs. The Employer's liability for payment of any amount under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be set forth in this Agreement; however, the Trustees may in their discretion submit disputes regarding collections, liquidated damages and any and all amounts due to the Trust Funds to arbitration through the American Arbitration Association.

## SECTION 5. THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES JOINT APPRENTICESHIP AND TRAINING FUND (IUPAT-JATF)

The Agreement between the Employer(s) and Union parties to this agreement regarding payments to the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund (IUPAT-JATF) is as follows:

1. Commencing with the 1st day of June, 2006 and for the duration of this Agreement, and any renewals or extensions thereof, the Employer agrees to make payments to the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund (IUPAT-JATF) for each employee covered by this Agreement, as follows:

a) For each hour or portion of an hour for which an employee receives pay, the Employer shall make a contribution of five cents (.05) to the above named Apprenticeship Fund.

b) Contributions shall be paid on behalf of any employee starting with the employee's first hour of employment in a job classification covered by this Agreement. This includes, but is not limited to, apprentices, journeypersons, and utility workers.

c) The payments to the Apprenticeship Fund required above should be made to the "International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund (IUPAT-JATF)" which was established under an Agreement and Declaration of Trust, effective May 1, 1995. The Employer hereby agrees to be bound by and to said Agreement and Declaration of Trust as though it had actually signed the same.

2). The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the International Fund (IUPAT-JATF) such Trustees as are now serving, or who will in the future serve, as Employer Trustees, together with their successors, as provided for in the aforesaid Trust Indenture.

(a) The Union hereby irrevocably designates as its representatives on the Board of Trustees of the International Fund (IUPAT-JATF) such Trustees as are now serving, or who will in the future serve, as Labor Trustees, together with their successors, as provided for in the aforesaid Trust Indenture.

(b) The parties hereto further agree to be bound by all actions taken by the Trustees of the International Fund (IUPAT-JATF) pursuant to the said Agreement and Declaration of Trust.

3) All contributions shall be made at such time and in such manner as the Trustees require, and the Trustees shall have the authority to have a Certified Public Accountant audit the payroll and wage records of the Employer for the purpose of determining the accuracy of contributions to the Apprenticeship Fund.

4) If an Employer fails to make contributions to this Trust Fund on the due date (25th of each month) and in the manner determined by the Trustees, such failure shall be deemed a violation of this agreement, and the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, and the Contractor shall be liable for all statutory remedies available under the ERISA statute, 29 U.S.C. 1132(g)(2), including interest, liquidated damages equal to 20% of the delinquent principal, audit costs, and all costs of collection including attorney's fees and costs. The Contractor's liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement; however, the Trustees may in their discretion submit disputes regarding collections, liquidated damages and any and all amounts due to the Trust Funds to arbitration through the American Arbitration Association.

5) The Apprenticeship Plan adopted by the Trustees of said Apprenticeship Funds shall at all times conform with the requirements of the Internal Revenue Code and other applicable laws and regulations so as to enable the Employer at all times to treat contributions to the Apprenticeship Fund as a deduction for income tax purposes.

## SECTION 6. DISTRICT COUNCIL 51 JOINT APPRENTICESHIP TRAINING AND JOURNEYMAN EDUCATION PROGRAM

1. The District Council 51 Joint Apprenticeship Training and Journeyman Education Fund is hereby established for the sole purpose of training and educating apprentices and journeypersons. The fund shall be governed and controlled by the Board of Trustees of the District Council 51 Joint Apprenticeship Training and Journeyman Education Fund and will establish eligibility requirements for all applicants for apprenticeship. Terms of apprenticeship shall be described in the Standards of the Training Committee(s).

2. The Program for which the Fund is to be administered by the Board is as follows: To promote the Apprenticeship Training and Journeyman Education Program established and maintained by the parties to this fund by rendering assistance thereto by various means including the supplying of promotional materials for the Program, educational and training materials for use in conducting the Program, and administrative assistance in the conduct of the Program.

3. The Employer hereby agrees to make contributions and deductions at the then current amounts as set forth in Article XXIX Section 1 for each hour or portion thereof, for which an employee receives pay and submit same to the District Council 51 Joint Apprenticeship Training and Journeyman Education Fund.

4. An Employer who fails to make contributions to this Trust Fund on the due date (25th of each month) and in the manner determined by the Trustees shall be considered to have violated this Agreement and may be rendered ineligible to hire members of the Union, as determined by the Union, provided that such ineligibility shall not serve to terminate this Agreement and shall not relieve the Employer from its continuing obligation to comply with the terms of this Agreement. The Union or the Trustees shall have the right to take whatever steps are necessary to secure compliance with this Agreement, and the Employer shall be liable for all statutory remedies available under ERISA statute 29 U.S.C. 1132(g)(2), including interest, liquidated damages equal to 20% of the delinquent principal, audit costs, and all costs of collection of the payments due plus attorneys' fees and costs. The Employer's liability for payment of any amount under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be set forth in this Agreement; however, the Trustees may in their discretion submit disputes regarding collections, liquidated damages and any and all amounts due to the Trust Funds to arbitration through the American Arbitration Association.

5. CONDITIONS FOR WORKING APPRENTICES SHALL BE:

a. All apprentices shall be trained in accordance with both Federal and State Apprentice Regulations.

b. Any apprentice employed will be indentured within 90 days of the date employed. He or she at all times during the work shift will work under the supervision of a journeyperson. All apprentices must attend related instruction for a period of and at a place designated by the Joint Apprenticeship Committee(s) and Trustees. All Employers agree to and support the Committee's and/or Trustees' obligations and decisions on training and educating apprentices.

6. All signatory employers shall comply with all State and Federal laws, specifically, Federal Act, 29 Code of Federal Regulations-Part 30.

7. Each Employer shall employ and train apprentices at a ratio of one (1) apprentice to every three (3) journeypersons employed by the Employer, with approval of the District Council such ratio may be increased to one (1) apprentice to every one (1) journeyperson.

8. APPRENTICE WAGES, FRINGE BENEFITS AND DEDUCTIONS

Apprentices shall be paid a percentage of the Journeyperson's Base Rate with all then current fringe benefit contributions and deductions as set forth in Article XXIX Section 1. Apprentices shall be paid the "appropriate" percentage of the Journeyperson's wage rate as follows:

Painters/ Decorators/Wall Covers & Drywall Finishers

1st Year:

| | |
|---|---|
| 1st 6 months | 60% |
| 2nd 6 months | 65% |

2nd Year:

| | |
|---|---|
| 1st 6 months | 70% |
| 2nd 6 months | 75% |

3rd Year:

| | |
|---|---|
| 1st 6 months | 80% |
| 2nd 6 months | 85% |

9. The Employer hereby irrevocably designates as its representatives on the Board of Trustees such trustees as are now serving, or who will in the future serve, as employer trustees, together with their successors. The Employer further agrees to be bound by all actions taken by the trustees pursuant to the said Agreement and Declaration of Trusts, as amended from time to time.

10. If an Employer fails to make contributions to this Trust Fund on the due date (25th of each month) and in the manner determined by the Trustees, such failure shall be deemed a violation of this agreement, and the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, and the Contractor shall be liable for all statutory remedies available under the ERISA statute, 29 U.S.C. 1132(g)(2), including interest, liquidated damages equal to 20% of the delinquent principal, audit costs, and all costs of collection including attorney's fees and costs. The Contractor's liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement; however, the Trustees may in their discretion submit disputes regarding collections, liquidated damages and any and all amounts due to the Trust Funds to arbitration through the American Arbitration Association.

## SECTION 8. POLITICAL ACTION TOGETHER

The Employer(s) agree to deduct from employees' wages five cents ($0.05) per hour. This five cents ($0.05) per hour is to be contributed to the Political Action Together Fund of the International Union of Painters and Allied Trades. Employers party to this Agreement hereby agree to honor authorizations for check-off of political contributions from all employees who are Union members in the following form:

### AUTHORIZATION FORM FOR
### CHECK-OFF
### POLITICAL CONTRIBUTIONS

"I hereby authorize my employer to deduct from my pay the sum of five ($0.05) cents for each hour worked and to forward that amount to the PAT Political Committee, c/o International Union of Painters and Allied Trades, 1750 New York Avenue, N.W., Washington, D.C. 20006. This authorization is signed freely and voluntarily and not out of any fear of reprisal and on the understanding that PAT Political Committee is engaged in a joint fund raising effort with the AFL-CIO, will use the money contributed to that effort to make political contributions and

expenditures in connection with federal, state and local elections, and that this voluntary authorization may be revoked at any time by notifying my employer, PAT Political Committee and District Council No.____ and/or Local Union No.____ in writing of a desire to do so."

Name_____

Signature_____

Social Security _____

# ARTICLE XXII
## JOINT TRADE BOARD

1. A Joint Trade Board consisting of a minimum of four (4) and no more than five (5) members designated by the District Council and a minimum of four (4) and no more than five (5) members designated by the Employers is hereby established. It is agreed to add equal portions along with any other Employer the Union may in the future recognize, all decisions shall be decided by a majority vote of all present, of which shall be final and binding to all parties to this Agreement.

2. The members shall designate one to act as Chairman and one as Secretary, provided that every twelve (12) months the Chairman and Secretary shall be alternated between the Contractor and Union members of the Board. Both parties shall designate alternates to attend Board meetings in the place of regular members who may be absent or against whom charges may be filed. Not less than two (2) members (or their alternates) from each group must be present to constitute a quorum. Each member (or alternate) present shall be entitled to one vote, but in no event shall the members from one group cast more votes than those from the other. Members of the Board shall serve at the pleasure of the party making the designation. It shall be the duty of the parties to fill vacancies within five (5) days after they occur.

3. The Board shall meet on the second Thursday every other month or any other times as designated by the Chairman and Secretary. The Board shall hold special meetings at the request of any member, within seven (7) working days of written notification.

4. The duties of the Board shall include the processing, investigation and determination of grievances, disputes and alleged violations of the Agreement.

## SIGNATURE PAGE
### IUPAT District Council 51
### Collective Bargaining Agreement
### June 1, 2006 through May 31, 2010

**IN WITNESS WHEREOF** the parties hereto have set their hands and seals this ___1ST___ day in the month of ___MARCH___ in the year ___2007___ to be effective as of the effective date except as to those provisions where it has been otherwise agreed between the parties.

Employer – Corporate or Company Name (Please Print)

_J&J Painting & Maint Inc._

Address

_2018 Edmondson Ave._

City                                    State                    Zip

_Baltimore          MD.          21223_

Phone Number  /  Fax Number  /  E-mail

_267 303 4821      JJ.Will115 @ Aol. Com._

Tax I.D. No.

_20-0217766_

Workmen's Compensation Insurance Company

_Travelers Ins. { Knight Ins. Agency_

Workmen's Compensation Insurance Policy Number / Expiration Date of Workmen's Compensation Policy

_965IC28AUB        1-25-08_

Employer (Print Name and Title)

_James P. Willis    Pres._

Employer Signature

_James P. ___

Union Representative (Print Name and Title)

_Timothy G. Edney        BMST_

Union Representative Signature

_Timothy Ge Edney_